**FILED**

**July 20, 2018**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:28 P.M. EASTERN



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT KNOXVILLE

| | | |
|---|---|---|
| **EDIN HERNANDEZ,** | ) | **Docket No. 2015-03-0720** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SCOTTY G. BUILDERS,** | ) | **State File No. 87681-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACUITY INSURANCE COMPANY,** | ) | **Judge Lisa A. Lowe** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court on July 10, 2018, for a Compensation Hearing. Mr. Hernandez sustained several injuries in a fall at work. He settled his claim for permanent partial disability benefits (PPD) with open future medical treatment. Mr. Hernandez now seeks additional PPD benefits. The parties agreed that he is entitled to these benefits. The issue is whether Mr. Hernandez is entitled to increased benefits only or whether this is an extraordinary case where he may receive increased benefits not to exceed two hundred seventy-five weeks. For the reasons below, this Court holds that Mr. Hernandez established by a preponderance of the evidence that this is an extraordinary case and he is entitled to an additional 123.75 weeks of benefits, which equates to $41,249.58.

### History of Claim

Scotty Builders employed Mr. Hernandez as a roofer. While working on October 21, 2015, he fell off a roof and sustained multiple injuries. In settling the original award, the parties agreed that Mr. Hernandez sustained a combined impairment rating of ten percent, which equals forty-five weeks of benefits.

Mr. Hernandez submitted to a vocational disability evaluation. Dr. Craig Colvin reviewed various medical records and interviewed him. Dr. Colvin noted that Mr. Hernandez is thirty-one years old and did not obtain a high school diploma or GED. He worked in

1

restaurants mainly as a dishwasher for fifteen years and then began working as a roofer approximately two years before the injury. Dr. Colvin found, after considering the assigned light-duty work restrictions, that Mr. Hernandez is 35 to 40% vocationally disabled. He additionally found Mr. Hernandez would be 75% vocationally disabled if he considered his self-reported anxiety and depression.

Mr. Hernandez testified that he still suffers pain from his injuries. Specifically, he has difficulty and experiences pain when turning his head to the sides and up and down. His right shoulder hurts particularly if he must raise his arm. He stated his left hand feels numb and tingly, and he sometimes cramps when trying to grip items. His ribs and lung still bother him on occasion. Mr. Hernandez testified he can assist his wife only with minimal household activities and has not worked anywhere since the accident. He acknowledged his entire work history consists of working for Hispanic employers that paid him in cash.

In defense of the claim, Scotty Builders obtained surveillance footage. Investigator Beth Galloway testified that she followed Mr. Hernandez for two days and filmed his activities. She observed him carrying an infant carrier, turning his body in a vehicle to speak to a passenger in the back seat, opening a car trunk, carrying an object on his shoulder, and turning his head.

Mr. Hernandez argued he is entitled to additional disability benefits for between 112.5 and 135 weeks, which equates to between $37,499.62 and $44,999.55.[1] Scotty Builders argued he is limited to increased benefit factors for no return to work (1.35) and education (1.45), which would equate to an additional $14,362.21.

### Findings of Fact and Conclusions of Law

Mr. Hernandez has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2017).

Mr. Hernandez received his original award of forty-five weeks of benefits, and his initial compensation period expired on June 5, 2017. *See* Tenn. Code Ann. § 50-6-207(3)(B). The sum provided by section 50-6-207(3)(B) is known as the resulting award. Using the applicable factors, as agreed to by Scotty Builders, the Court holds Mr. Hernandez is entitled to increase his original award based on his inability to return to work (1.35) and his education

---

[1] 35% disability equates to 157.5 weeks, and 40% disability equates to 180 weeks. After subtracting Mr. Hernandez's original award of 45 weeks yields 112.5 and 135 weeks of benefits.

2

level (1.45). Thus, Mr. Hernandez established by a preponderance of the evidence his entitlement to a resulting award of $14,362.21.

However, instead of a resulting award, Mr. Hernandez seeks relief under Tennessee Code Annotated section 50-6-242(a). This allows the Court to increase his original award above that in section 50-6-207(3) if he establishes by clear and convincing evidence that limiting the recovery would be inequitable in light of the totality of the circumstances. To recover under this section, he must first prove the following: 1) his impairment rating is 10% or higher; 2) The authorized treating physician has certified on a Bureau form that he no longer has the ability to perform his pre-injury occupation due to permanent restrictions caused by the work injury; and, 3) he is earning less than 70% of his pre-injury average weekly wage or salary. *See* Tenn. Code Ann. 50-6-242(a)(2).

The Court first addresses whether Mr. Hernandez established by clear and convincing evidence that limiting his recovery would be inequitable in light of the totality of the circumstances.

The Court holds that he established this for the following reasons. Mr. Hernandez remains under light-duty restrictions from this work injury. Based on Dr. Colvin's unrefuted vocational testimony, Mr. Hernandez's vocational disability falls between 35 and 40%. Limiting Mr. Hernandez to the applicable enhancement factors equates to approximately 20% PPD benefits. Thus, the Court finds, in light of the totality of the circumstances, Mr. Hernandez provided clear and convincing evidence that limiting his recovery to the enhancement factors would be inequitable.

Scotty Builders attempted to impeach Mr. Hernadez's credibility in his testimony and with the surveillance footage. The Court is unpersuaded. Although he had some difficulty in remembering specific dates, Mr. Hernandez appeared forthright in his testimony. As for the surveillance footage, Mr. Hernandez did not testify that he absolutely could not perform the activities depicted in the footage; he said he had difficulty doing them and they caused him pain. Scotty Builders made much of Mr. Hernandez's ability to carry the infant carrier and put it in a car, open and close the car trunk, and carry an object on his shoulder. However, he carried the infant carrier in his right hand, which makes sense since he sustained a left-hand injury and he leaned into the vehicle to put it on the seat. Mr. Hernandez opened the trunk with his left hand and closed the trunk with his right hand but both actions took only a matter of seconds. Finally, Mr. Hernandez carried what appeared to some sort of baby equipment over his left shoulder, which is his non-injured shoulder.

The Court now turns to the additional factors of section 50-6-242(a)(2), impairment of 10%, physician's certification, and earning less than 70% of the pre-injury average weekly wage. Mr. Hernandez's settlement agreement reflected a combined impairment of 10%; Dr. McDowell signed the physician's certification; and Mr. Hernandez testified he has not

3

worked since sustaining his injuries. Therefore, the Court concludes that Mr. Hernandez meets the requirements for increased benefits.

Under section 50-6- 242, the Court may award Mr. Hernandez extraordinary relief of up to 275 weeks of benefits. After careful consideration of the evidence as a whole, particularly the unrefuted vocational testimony, this Court concludes that Mr. Hernandez established, by a preponderance of the evidence, that he is entitled to an additional 123.75 weeks of benefits, which equates to $41,249.58.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hernandez's right to future medical treatment remains open under the prior settlement agreement.

2. The compensation rate is $333.00 per week based on Mr. Hernandez's average weekly wage of $500.00.

3. Under Tennessee Code Annotated section 50-6-242, Mr. Hernandez is entitled to an additional 123.75 weeks of benefits, which equates to $41,249.58.

4. Mr. Hernandez's attorney is entitled to a fee of twenty percent of the permanent partial disability award, for a total of $8,249.92, plus reasonable expenses.

5. Costs of $150.00 are taxed to Scotty Builders under Tennessee Compilation Rules and Regulations 0800-02-21-.07.

6. Scotty Builders shall file a Statistical Data Form (SD-2) within ten business days of entry of this order.

7. Absent an appeal, this Order becomes final thirty days after entry.

**ENTERED on July 20, 2018**

_____

**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Deposition Transcript and Exhibits of Dr. Philip McDowell
2. Deposition Transcript and Exhibits of Dr. Thomas Koenig
3. Vocational Report of Craig Colvin, Ph.D.
4. Settlement Agreement
5. GAS Private Investigation Report
6. CV of Dr. Craig Colvin
7. Video surveillance

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Hearing Order
4. Notice of Offer of Judgment
5. Employee's List of Expert Witnesses
6. Notice of Deposition of Dr. Thomas Koenig
7. Notice of Deposition of Dr. Philip McDowell
8. Employer's Offer of Stipulations
9. Employer's List of Expert Witnesses
10. Agreed Order for Extension of Time
11. Dispute Certification Notice-Post ADR
12. Motion in Limine to Exclude and Motion to Compel Responses to Written Discovery
13. Employer's Response to Employee's Motion in Limine to Exclude and Motion to Compel Responses to Written Discovery
14. Order Denying Employee's Motion in Limine to Exclude and Motion to Compel Responses to Written Discovery
15. Employer's List of Proposed Witnesses and Exhibits
16. Employee's Proposed Exhibit List and Notice of Filing of Exhibits
17. Employee's Proposed Witness List
18. Employee's Prehearing Statement on Employee's Petition for Additional Benefits under Tenn. Code Ann. § 50-6-242 and Increased Benefits Under § 207
19. Parties' Pre-Compensation Hearing Joint Stipulations

Parties' Stipulated Findings of Facts:
1. Mr. Hernandez sustained an injury by accident arising out of the course and scope of the employment with Scotty G. Builders.
2. Mr. Hernandez's date of injury is October 21, 2015.
3. Mr. Hernandez gave notice of the injury to Scotty G. Builders on October 21, 2015.
4. Mr. Hernandez is thirty-one years of age and a resident of Blount County.
5. Mr. Hernandez has not obtained a high school diploma or GED.
6. Mr. Hernandez received authorized medical treatment for the injury with the following medical providers: Dr. James A. Killeffer and Dr. Phillip McDowell.

7. Mr. Hernandez reached the maximum level of medical improvement that the nature of the injury permits on July 25, 2016.
8. Mr. Hernandez received temporary disability benefits.
9. Temporary total disability benefits were paid from October 22, 2015, through July 25, 2016, in the amount of $13,190.54.
10. Mr. Hernandez has not returned to work for Scotty G. Builders, earning the same or greater wages as he was earning prior to the injury.
11. Mr. Hernandez's average weekly wage is $500.00, which entitles him to a weekly compensation rate of $333.33.
12. The parties agree that Mr. Hernandez is entitled to enhanced benefits due to his failure to return to work at or above what the parties have agreed he was earning prior to the accident and because Employee lacks a high school education.

Parties' Stipulated Conclusions of Law:
1. This claim is governed by the Workers' Compensation Law for the state of Tennessee.
2. An employment relationship existed between Mr. Hernandez and Scotty G. Builders at all relevant times.
3. Mr. Hernandez provided proper, statutory notice of injury.
4. Mr. Hernandez filed the Petition for Benefit Determination seeking benefits under Tenn. Code Ann. § 50-6-207(3)(b) and 50-6-242 within the applicable statute limitations.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on July 20, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Timothy A. Roberto Employee's Attorney | | | X | troberto@brownandroberto.com |
| G. David Hatfield, Employer's Attorney | | | X | dhatfield@gdhatfieldlaw.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

6